IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                              Criminal No. 3:07cr154-JAG-3

ROGER CHARLES DAY, JR.,

Petitioner.

## OPINION

This Court sentenced the petitioner, Roger C. Day Jr. ("Day") to 1,260 months of

imprisonment on six counts on December 15, 2011. (Dk. No. 396.)  Day filed this 28 U.S.C.

§ 2255 petition to vacate his sentence.[1]  Day's petition includes four claims for relief:

> Claim One: "The jury charge on Aiding and Abetting liability was a constructive
> amendment, presented to the jury through a process that violated
> the U.S.-Mexico Extradition Treaty." (Dk. No. 421 at 5.)

> Claim Two:  Defense counsel was ineffective for failing to "object to the jury
> charge on Aiding and Abetting" which exposed Day to the plain
> error standard of review on direct appeal. (*Id.* at 12.)

> Claim Three: Defense counsel was ineffective because he had a conflict of
> interest at trial which, compounded with his minimal criminal
> defense experience, prejudiced Day.

> Claim Four:  A jury should have tried the Court's sentence enhancements which
> "brought Day's sentence within a range of life imprisonment." (*Id.*
> at 21.)

The Court DENIES each claim in Day's § 2255 petition.  Day already lost on the merits

of Claim One, so the relitigation bar prevents the Court from reviewing that claim in this habeas

---

[1] Day filed a series of motions and other documents after his initial § 2255 petition.  This Court's
order on June 24, 2015, directed Day to file a motion to amend his original § 2255 petition if he
wanted to add more grounds for relief beyond the four stated in the original petition. (Dk. No.
476.)  Day failed to file a motion to amend by July 24, 2015, thus this Court will look solely at
the claims raised in his original § 2255 petition. (Dk. No. 421.)

petition. Day procedurally defaulted Claim Four because he did not raise the claim on direct appeal. Finally, Claims Two and Three fail because Day cannot show that trial counsel's actions constitute ineffective assistance of counsel.

## I. BACKGROUND

On August 19, 2008, a grand jury returned a fourth superseding indictment that charged Day with wire fraud conspiracy (Count 1), wire fraud (Counts 2-4), aggravated identity theft (Counts 5-7), money laundering conspiracy (Count 8), conspiracy to smuggle goods (Count 9), and obstruction of justice (Count 10) for his role in a multi-million dollar scheme to defraud the Department of Defense. Day accomplished this scheme by knowingly supplying "defective and nonconforming spare parts for use [on] U.S. military aircraft[s], vehicles, and weapons systems." *United States v. Day*, 700 F.3d 713, 717 (4th Cir. 2012).

In December 2010, the Mexican government arrested Day and extradited him to the United States to appear before this Court. The Mexican government refused extradition on three of the counts, so seven counts remained after extradition. *Day*, 700 F.3d at 718. In May 2011, the Court appointed John S. Martin, a partner at Hunton & Williams, to represent Day under the Criminal Justice Act ("CJA"). Day asserts that during the pendency of his case, Martin had an open magistrate judge application with the District Court for the Eastern District of Virginia, Richmond Division, the same Court that sentenced Day.

After an eight-day trial, the jury found Day guilty of all the extradited charges. (Dk. Nos 298-300.) At trial, Day did not object to the jury instruction. Day moved to proceed pro se on September 2, 2011. In November 2011, Day retained John C. Kiyonga to represent him at sentencing.

On December 15, 2011, the Court found an advisory Guidelines range of 1,260 months and sentenced Day to that same term of imprisonment. (Dk. Nos. 395-397.) Day filed a direct appeal to the Fourth Circuit, which rejected all of his claims. *See Day*, 700 F.3d. at 733. In his appeal, Day raised the same objection to the aiding and abetting instruction (namely that it constituted a constructive amendment to the indictment) as raised in the instant § 2255 petition.

## II. DISCUSSION

### A. Claims Barred from Review

Judicially created procedural bars prevent district courts from reviewing certain habeas claims. Specifically, the relitigation bar forbids petitioners on habeas to reassert claims decided on direct review. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) In addition, the doctrine of procedural default prevents petitioners from bringing claims on habeas review that they could have raised on direct review but failed to do so. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("The background for our discussion is the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") The Courts have created and adhere to these doctrines to conserve "judicial resources and to respect the law's important interest in the finality of judgments." *Id.*

### i. Claim One

The Court finds that the Fourth Circuit has already fully addressed the issues in Day's first claim. If a defendant has fully litigated an issue on direct review, the defendant cannot argue the same issue again on collateral review unless there has been an intervening change in law that merits reconsideration of the claim. *See United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004); *Boeckenhaupt*, 537 F.2d at 1183 (explaining that defendant cannot relitigate issues previously rejected on direct appeal).

Here, Day argues that the Court's aiding and abetting instruction constituted a constructive amendment of his indictment, which violated the U.S.-Mexico Extradition Treaty. The Fourth Circuit previously reviewed and denied this claim, holding that a court may convict a defendant of aiding and abetting under an indictment that only charges the principal offense. *Day*, 600 F. 3d at 720; *see also United States v. Duke*, 409 F. 2d 669, 671 (4th Cir. 1969).

Consequently, the Court may only address this claim if an intervening change in law provides an exception to the relitigation bar. Day argues that an intervening change in law has occurred in *Rosemond v. United States*, 134 S. Ct 1240 (2014). In *Rosemond*, the Supreme Court addressed the level of evidence needed to prove aiding and abetting and the jury instructions necessary for aiding and abetting. *Id.* at 1241. The Supreme Court did not address whether aiding and abetting functions as a substantive crime or a theory of liability. Because *Rosemond* did not create new law, Day fails to direct the Court to an intervening change in the law that would warrant its reconsideration. *See United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009); *Boeckenhaupt*, 537 F.2d at 1183. Thus, the Court denies Claim One because Day failed to point out a relevant intervening change in law that would merit reconsideration of this fully litigated claim.

### ii. Claim Four

The Court finds Claim Four procedurally defaulted because Day did not raise this issue at trial or on direct appeal. Further, the Court cannot consider the claim because Day failed to meet the standard for the cause and actual prejudice exception to procedural default. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal

quotations and citations omitted).  Day argues that the Court should have submitted the sentence guideline enhancements for intended loss, obstruction, and money laundering to a jury under the Sixth Amendment.  Day does not claim actual innocence so the Court will limit its analysis to the cause and actual prejudice standard.

Day has not shown cause to reopen his case.  He incorrectly argues that recent Supreme Court precedent, *Alleyne v. United States,* 133 S. Ct. 2151 (2013), requires sentence guideline enhancements for intended loss, obstruction, and money laundering to have gone to the jury. *Alleyne* holds that anything that "increases [the] *mandatory minimum sentence* for [a] crime is [an] element of crime, not [a] sentencing factor, that must be submitted to jury." *Alleyne,* 133 S. Ct. at 2155 (emphasis added).  Day attempts to extend this analysis of mandatory minimums to the factors that enhance the sentencing guidelines.  Day's flawed analysis equates mandatory minimums and sentencing guidelines.

In *United States v. Booker*, however, the Supreme Court made the sentencing guidelines advisory, not mandatory.  543 U.S. 220, 264 (2005) ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.).  *Alleyne* only discussed mandatory minimums; the Supreme Court did not change any law related to the sentencing guidelines. *See United States v. Benn*, 572 F. App'x 167, 179-80 (4th Cir.) ("*Alleyne* has no application to Appellants' sentences in this case.  The district court's drug quantity determinations at sentencing did not increase Appellants' statutory mandatory minimum sentences, but rather, were used to determine their advisory Guidelines ranges.").  Further, the discretionary nature of the sentencing guidelines makes them an inappropriate subject for the extension of *Alleyne*'s logic.  Day incorrectly reads *Alleyne*, which

means Day has not provided a cause for his default. Consequently, this Court denies Day's fourth claim as procedurally defaulted.

## B. Ineffective Assistance of Counsel Claims

To demonstrate ineffective assistance of counsel, a defendant must show, first, that counsel's representation constituted deficient performance, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the court does not need to determine whether counsel's performance was deficient if the court can readily dismiss the claim for lack of prejudice. *Id.* at 697.

A conflict of interest claim provides a special exception to the general *Strickland* ineffective assistance of counsel test. In conflict of interest cases, the Court presumes prejudice (*Strickland*'s second prong) if the petitioner can prove "that (1) his attorney labored under an 'actual conflict of interest' that (2) 'adversely affected his lawyer's performance.'" *Mickens v. Taylor*, 240 F.3d 348, 355 (4th Cir. 2001) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980)). An actual conflict occurs when "counsel was influenced in his basic strategic decisions by" the conflict. *Wood v. Georgia*, 450 U.S. 261, 262 (1981). The Fourth Circuit has added that to show an actual conflict a defendant must show that his counsel's interest deviated from the defendant's

on a material factual or legal issue. *See United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007).

Turning to the second part of the conflict of interest test, the Fourth Circuit has a three part test to determine if an attorney's actions constitute an adverse effect.

> First, the petitioner must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued. Second, the petitioner must show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision....Finally, the petitioner must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

*Mickens*, 240 F.3d at 361. Day fails to establish ineffective assistance of counsel in either his second or third claims.

### i. Claim Two

Claim Two fails because trial counsel's failure to object to the aiding and abetting jury instruction did not prejudice Day's case. As analyzed above, the Fourth Circuit has held that aiding and abetting liability is simply a theory of liability, not a separate crime, so, the Court would have denied any objection to the jury instruction. *Duke*, 409 F.2d at 671. Since the Court would not have sustained the objection, the failure to object to the jury instruction could not have prejudiced Day. Day, therefore, cannot meet the prejudice prong under *Strickland* for Claim Two.

### ii. Claim Three

Claim Three asserts that Day's lawyer had a conflict of interest because he had allegedly applied for a job as a Magistrate Judge in the District Court at the time of Day's trial. How this establishes a conflict of interest is anyone's guess. The Court appoints Magistrate Judges who do good work. If anything, Day's lawyer would try to demonstrate his expertise to the Court. No conflict of interest exists.

Day demands an evidentiary hearing to establish this bizarre theory. The Court does not need evidence dealing with a subject that makes no sense.

Moreover, even if Day could show some kind of conflict, he cannot show how the alleged conflict "adversely affected his lawyer's performance." Day alleges that the adverse effect consisted of the lawyer's failure to object to the jury instruction for the aiding and abetting charge as well as to the jury instruction for the definition of proceeds under the money laundering charge as examples of how the conflict adversely affected his lawyer's performance.

Neither objection constitutes an objectively reasonable strategy. The Fourth Circuit has held that both objections would have been meritless. As discussed earlier, Fourth Circuit precedent dictates that courts should consider aiding and abetting as a theory of liability; thus, the objection would not have been meritorious. *Day*, 600 F. 3d at 720. As such, the alleged conflict did not adversely affect trial counsel's performance because objecting to the jury instruction would not constitute an objectively reasonable alternative strategy.

Additionally, the Fourth Circuit held that an objection to the jury instruction on the meaning of proceeds, as it relates to the money laundering charge, would have been meritless because "Day's exposure to money laundering liability is not based on transactions that were essential to his predicate fraud offenses, but rather on the entirely separate criminal act of concealing the location and ownership of his fraud proceeds by transporting gold to Mexico." *Day*, 700 F. 3d at 727 n.1. Consequently, Day has not met the requirements to prove ineffective assistance of counsel under a conflict of interest theory.[2]

---

[2]Even if objecting to the aiding and abetting jury instruction and objecting to the definition of proceeds in the jury instruction for money laundering constituted an objective reasonable strategy, Day's claim would still fail because he has not shown that his lawyer's failure to pursue this strategy resulted from his conflict of interest, the third prong to prove deficient performance under a conflict of interest theory. As noted above, if Day's counsel had a magistrate judges'

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Day's claims and his § 2255 Petition

will be DENIED.  A certificate of appealability will be DENIED.[3]

An appropriate Final Order shall issue.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: January  8 , 2016
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

application open with the Eastern District of Virginia, the application would make his counsel represent him zealously.  Consequently, he cannot show that counsel's failure to pursue the strategy of objecting to the jury instructions related to his counsel's alleged conflict of interest.

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Day has not satisfied this standard.