IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.

Criminal No. **3:07CR154**
Civil Action No. **3:17-cv-00776-JAG**

**ROGER CHARLES DAY, JR.**

MEMORANDUM OPINION

By Memorandum Opinion and Order entered on January 8, 2016, the Court denied Roger Charles Day, Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 502, 503.) The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed Day's appeal. *United States v. Day*, 668 F. App'x 506 (4th Cir. 2016). On October 30, 2017, Day filed three new motions. First, Day filed a "MOTION PURSUANT TO TITLE 28 U.S.C. §§ 2255(f)(2), (f)(4) and RULE 60(b)(2); (3); (4); (6)." ("§ 2255 Motion," ECF No. 533.) Day also filed a "DISCOVERY MOTION" (ECF No. 534) and a "MOTION FOR AN EVIDENTIARY HEARING" (ECF No. 535).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Day's § 2255 Motion also claims to be brought simultaneously pursuant to Federal Rule of Civil Procedure Rule 60(b). The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review

applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). Day seeks to argue that he is actually innocent and alleges various errors and deficiencies in his criminal proceedings, and does not truly argue for relief under Rule 60(b) despite the label of his motion and occasional references to the rule. Thus, his § 2255 Motion must be construed as an unauthorized, successive 28 U.S.C. § 2255 motion. *Id.*; *see Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion). Accordingly, the Court must treat the § 2255 Motion as a successive § 2255 motion.

The Clerk will be DIRECTED to assign a civil action number to the successive, unauthorized § 2255 Motion. (ECF No. 533.) The § 2255 Motion will be DISMISSED for want of jurisdiction. Day's Motion for Discovery (ECF No. 534) and Motion for an Evidentiary Hearing (ECF No. 535) will be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Day has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 11/20/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

3