IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR154

ROGER CHARLES DAY, JR.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on January 8, 2016, the Court denied Roger Charles Day, Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 502, 503.) The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed Day's appeal. *United States v. Day*, 668 F. App'x 506 (4th Cir. 2016). By Memorandum Opinion and Order entered on November 21, 2017, the Court construed Day's "MOTION PURSUANT TO TITLE 28 U.S.C. §§ 2255(f)(2), (f)(4) and RULE 60(b)(2); (3); (4); (6)" as a successive and unauthorized § 2255 motion, and dismissed the action. ("§ 2255 Motion," ECF No. 533.) On November 27, 2017, the Court received what appears to be a copy of the same § 2255 Motion. (ECF No. 538.) Because the Court has already dismissed this § 2255 Motion as successive and unauthorized, the Clerk will be DIRECTED to TERMINATE ECF No. 538.[1]

On December 15, 2017, Day filed a motion entitled "Reconsideration." (ECF No. 539.) Although Day appears to bring this motion, in part, under Federal Rule of Civil Procedure Rule 60(b), because it was filed within twenty-eight days of the November 21, 2017 Memorandum Opinion and Order, the motion will be construed as one filed under Federal Rule of Civil

---

[1] Day signed this copy of the motion on November 20, 2017, a day before the Court dismissed his § 2255 Motion. To the extent Day wished to file a second § 2255 motion, this second § 2255 motion would also be successive and unauthorized for the reasons previously stated by the Court.

Procedure 59(e) ("Rule 59(e) Motion," ECF No. 539). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Day does not explicitly address any of the above recognized grounds for relief in his rambling and nearly incoherent Rule 59(e) Motion. However, the Court construes Day to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted). Instead of arguing that the Court erred in finding his § 2255 Motion successive and unauthorized, Day continues to argue that he is actually innocent (Rule 59(e) Mot. 4), claims that the prosecution committed fraud, and alleges various errors and deficiencies in his criminal proceedings (*id.* at 1–4). Day fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 539) will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28

2

U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Day has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 10/1/18
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge