IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                        Criminal Action No. 3:07cr154-3

ROGER CHARLES DAY, JR.,
      Defendant.

## OPINION

This matter comes before the court on a counseled motion filed by the defendant, Roger Charles Day, Jr., to amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 608.) Day requests that the Court amend its Order issued on July 14, 2025 ("July 14 Order"), which denied Day's second motion for compassionate release pursuant to 18 U.S.C. § 3582. The Court denied Day's motion because the 18 U.S.C. § 3553(a) factors did not support a sentence reduction.

As an initial matter, "the Federal Rules of Civil Procedure do not apply to motions under § 3582 . . . because § 3582 motions–which seek only to alter terms of imprisonment–are criminal in nature." *United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010). Further, § 3582(c) does not prevent prisoners from filing successive motions for compassionate release. The Court, therefore, will evaluate Day's motion for reconsideration as a renewed motion for compassionate release.[1] *See United States v. Bethea*, 54 F.4th 826, 833 n.2 (4th Cir. 2022) (finding that lower

---

[1] Even if Day could file a motion to amend under Federal Rule of Civil Procedure 59(e), Rule 59(e) imposes a time limit of "no later than 28 days after the entry of the judgment." Day filed his motion "pursuant to Fed. R. Civ. P. 59(e)" on August 12, 2025, which is 29 days after the Court entered its July 14 Order. (*See* ECF No. 608, at 1–2.) Because Federal Rule of Civil Procedure 6(b)(2) specifically forbids federal courts from extending the time limit in Rule 59(e), only Rule 60(b) would have applied to Day's motion under the civil rules. *See Colter v. Omni Ins. Co.*, 718 Fed. Appx. 189, 191 (4th Cir. 2018).

courts, when presented with a motion to amend a denial of compassionate release, should interpret the motion as a renewed motion for compassionate release). Because Day's present motion does not provide the Court with any new grounds justifying compassionate release, the Court will deny his motion.

## I. <u>LEGAL STANDARD</u>

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A), however, a district court may modify a criminal defendant's sentence if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," the court "finds that . . . extraordinary and compelling reasons warrant such a reduction." Before the First Step Act, courts could only consider compassionate release motions initiated by the BOP. *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). But today, § 3582(c)(1)(A) empowers a defendant to file his own motion for compassionate release as long as he first "fully exhaust[s] all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or waits thirty days "from the receipt of such a request by the warden of [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

---

"Rule 60(b) allows a court to 'relieve a party from a final judgment, order, or proceeding' on a limited number of grounds." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (quoting Fed. R. Civ. P. 60(b)). A party seeking relief under Rule 60(b) must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). After meeting this threshold, the moving party "must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023). Day's motion does not make any of the required threshold showings, nor does it address any of Rule 60(b)'s six enumerated categories. The civil rules, therefore, would not have afforded Day any more support than a renewed motion for compassionate release.

Although Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), "the Sentencing Commission . . . addressed the issue in a policy statement, United States Sentencing Guideline § 1B1.13," which provides the BOP with several categories of "extraordinary and compelling" reasons to consider. *McCoy*, 981 F.3d at 276. For years following the passage of the First Step Act, the Sentencing Commission did not update § 1B1.13 to account for motions filed by defendants. Consequently, the policy did not bind courts when presented with a defendant's motion for compassionate release. *Id.* at 281–82, 284. A court, therefore, remained "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration and emphasis in original).

The Sentencing Commission, however, has since amended the Sentencing Guidelines to address compassionate release motions brought by defendants and to expand the list of extraordinary and compelling reasons that support a sentence reduction. The reasons fall into several categories: (1) the defendant's medical circumstances, U.S.S.G. § 1B1.13(b)(1); (2) the defendant's age, *id.* § 1B1.13(b)(2); (3) the defendant's family circumstances, *id.* § 1B1.13(b)(3); (4) whether the defendant was the victim of certain abuse while in custody, *id.* § 1B1.13(b)(4); (5) "any other circumstance or combination of circumstances that, when considered by themselves or together with any" of the preceding categories, "are similar in gravity," *id.* § 1B1.13(b)(5); and (6) an unusually long sentence if the defendant meets certain conditions, *id.* § 1B1.13(b)(6). The defendant must also establish that she "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(a)(2). These amendments took effect on November 1, 2023.

## II. **DISCUSSION**

Day intended for his present motion to serve as a motion to amend the Court's July 14 Order, but he does not present any new arguments supporting his release. Instead, Day critiques the Court's July 14 Order for failing to address two specific arguments Day made in his most recent motion for compassionate release: (1) that *United States v. Simmons*, 737 F.3d 319 (4th Cir. 2013), constituted a change in law that would reduce his sentence by "over 90 years," (ECF No. 609, at 2,) and (2) that the Court should release Day from prison because he allegedly experienced months of torture in a Mexican prison in 2009. The Court will directly address each of these arguments.

### *A. Day's Change-In-Law Argument*

The July 14 Order denied Day's motion for compassionate release solely on § 3553(a) grounds. Day argues, however, that the Court's "entire § 3553 analysis is skewed against" him. (ECF No. 609, at 3.) He cites § 3553(a)(6), which requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," including sentencing disparities resulting from subsequent changes in law. According to Day, *United States v. Simmons*,[2] which the Fourth Circuit decided after Day's sentencing, created a change in law that would have merged several of Day's crimes. Day argues that this merger would have substantially reduced Day's guidelines range and, in turn, his overall sentence.

*Simmons*, however, explicitly states that if "'the financial transactions of the predicate offense are different from the transactions prosecuted as money laundering[,]' no merger problem arises." 737 F.3d at 324 (quoting *United States v. Halstead*, 634 F.3d 279, 279–80 (4th Cir. 2011)).

---

[2] 737 F.3d 319 (4th Cir. 2013).

4

And in Day's case specifically, the Fourth Circuit found that "Day's exposure to money laundering liability is not based on transactions that were essential to his predicate fraud offenses, but rather on the entirely separate criminal act of concealing the location and ownership of his fraud proceeds by transporting gold to Mexico." *United States v. Day*, 700 F.3d 713, 727 n.1 (4th Cir. 2012). Simmons, on the other hand, experienced a merger problem because his "payments to investors" as part of a Ponzi Scheme "constitute[d] essential expenses of his underlying fraud." *Simmons*, 737 F.3d at 329. In other words, even if *Simmons* constituted a change in law, it did not create a change that would have applied to Day's criminal conduct.

### *B. Day's Torture Argument*

Day has repeatedly proffered to this Court that he experienced torture in a Mexican prison in 2008 and 2009. Day argues that the Court "remains obligated to order the prompt and impartial investigation of his claims of torture" pursuant to the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (the "CAT"). (ECF No. 609, at 3.) Day specifically cites Articles 12, 13, and 14 of the CAT[3] as "self-executing" provisions that "bestow specific rights upon victims of torture" and "establish obligations capable of judicial enforcement." (*Id.*)

Contrary to Day's belief, Articles 12, 13, and 14 are not "self-executing." Of the first sixteen articles of the CAT, the Senate has only codified Article 3, and has explicitly found the remaining fifteen articles to *not* be self-executing. *See Nasralah v. Barr*, 590 U.S. 573, 588 (2020). Further, Day's present motion cites no authority for the contention that this alleged torture

---

[3] Notably, Articles 12 and 13 of the CAT only impose obligations on the United States based on acts of torture "committed in any territory *under its jurisdiction*" (which Mexico is not). Article 14 merely requires the United States to "ensure in its legal system that the victim of an act of torture obtains redress and has an enforceable right to fair and adequate compensation."

necessitates compassionate release. Accordingly, the Court declines to order an investigation of Day's torture claims. Further, the Court will not grant Day compassionate release on these grounds.

### III. CONCLUSION

Because Day has not presented any new information supporting compassionate release, the Court will deny his motion.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Opinion to all counsel of record and to Day.

Date: 15 December 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge